EFFRON, Judge
(concurring in part and dissenting in part):
I concur with the majority’s conclusion that the military judge erred in permitting speculative testimony creating the implication that appellant’s unexplained absence was due to misconduct. I do not agree that the error was harmless.
*37 The majority opinion makes two important observations, with which I agree, concerning the erroneously admitted testimony: (1) the NCOIC’s testimony should have been excluded because it provided negligible information of probative value under the circumstances of this ease; and (2) the testimony “had the potential of misleading the court members by suggesting, in a prejudicial manner and without basis, that appellant was so unreliable that he was absent without authority from his own court-martial.” 55 MJ at 36. In effect, the testimony created the possibility that the members would view appellant as so contemptuous of military life that he did not take seriously the purpose of his court-martial or the impact of any delay on the members of the panel.
The majority opinion relies upon the relatively light sentence as an indication that the error was harmless. Under the circumstances of this ease, the light sentence underscored the prejudicial impact of the error. It is noteworthy that even though the prosecution presented a sentencing case that included evidence of ten disciplinary infractions, the members opted to impose a sentence that was significantly less severe than the maximum allowable punishment. This indicates that the members carefully weighed all the positive and negative evidence, including the erroneously admitted testimony, and that they did not view the prosecution’s sentencing case as particularly overwhelming.
Under these circumstances, I cannot say with fair assurance that the sentencing result was reliable. Accordingly, I respectfully dissent on the issue of prejudice.